# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**John S. Lee,**
**Plaintiff Below, Petitioner**

**FILED**

October 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 12-1488** (Jefferson County 11-C-337)

**Mark Towle, individually, and d/b/a "Gotham Garage,"**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner John S. Lee, appearing *pro se*, appeals the order of the Circuit Court of Jefferson County, entered December 3, 2012, that dismissed his civil action for a lack of personal jurisdiction over the defendant below, Respondent Mark Towle, individually, and d/b/a "Gotham Garage." Respondent, by counsel Glen Franklin Koontz, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is a web designer based in Harpers Ferry, West Virginia. Respondent is a builder of replica vehicles based in the State of California. Petitioner sued respondent for breach of contract. Respondent appeared specially at a December 5, 2011 hearing and moved for the action's dismissal asserting that the circuit court did not have personal jurisdiction over him.

At the hearing, respondent's counsel submitted an affidavit from respondent in support of the motion, while petitioner testified under oath. By order entered December 20, 2011, the circuit court conditionally denied the motion and directed that the parties conduct limited discovery on the issue of personal jurisdiction. The court noted that it "retain[ed] the right to address this issue after modified discovery."

On June 15, 2012, the circuit court denied respondent's motion to dismiss noting, *inter alia*, that respondent had not engaged in discovery and had not responded to petitioner's discovery requests. However, subsequently, respondent moved the circuit court to vacate its prior orders of December 20, 2011, and June 15, 2012, and renewed his motion to dismiss. In support of his renewed motion, respondent's counsel attached a March 21, 2007 email from petitioner to respondent, which indicated that petitioner initiated the contact between the parties.

1

The circuit court considered respondent's renewed motion to dismiss at a November 20, 2012 hearing. Respondent's counsel argued that the March 21, 2007 email raised questions concerning the truthfulness of petitioner's December 5, 2011 testimony. Petitioner asserted that the email actually supported his testimony. After the parties' arguments, the circuit noted that its conditional denial of respondent's motion to dismiss had been made "on the strength of [petitioner's] testimony," but found that "this e-mail would cast this case and the issue of jurisdiction in a new light." The circuit court continued, in pertinent part, as follows:

> . . . [I]t appears from the face of . . . this short e-mail of [petitioner] it is [petitioner] who reached out and targeted [respondent] at [respondent's] address in California over the internet, and that [respondent] solicited [respondent] in an attempt to obtain a Batmobile kit from him and offer for trade some [web design] services as a partial barter or in exchange for some of the value of the kit.
>
> \*　　　\*　　　\*
>
> So, it's a solicitation, the Court sees it as a solicitation of [respondent] by [petitioner] from [petitioner] in West Virginia over the internet to [respondent] in California, and the Court does not feel upon having this additional piece of evidence that this is sufficient to confer jurisdiction on West Virginia and it now appears that jurisdiction already is asserted in an ongoing case in California where it quite properly should be.

Accordingly, the circuit court directed respondent's counsel to prepare an order granting respondent's renewed motion to dismiss. In the December 3, 2012 order, that dismissed petitioner's action for a lack of personal jurisdiction over respondent, the circuit court further determined that the March 21, 2007 email "does not support [petitioner's] assertions" and also noted "the demonstrated falsity of [petitioner's] testimony." Petitioner now appeals the December 3, 2012 order.

In Syllabus Point Four of *State ex rel. Bell Atlantic-West Virginia, Inc. v. Ranson*, 201 W.Va. 402, 497 S.E.2d 755 (1997), this Court held, in pertinent part, that when a defendant files a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the West Virginia Rules of Civil Procedure, the circuit court may permit discovery to aid in its decision and that if "the court conducts a pretrial evidentiary hearing on the motion, . . . the party asserting jurisdiction must prove jurisdiction by a preponderance of the evidence." In *Easterling v. American Optical Corporation*, 207 W.Va. 123, 127, 529 S.E.2d 588, 592 (2000), in discussing Syllabus Point Four of *Bell Atlantic*, the Court further noted that "when considering a circuit court's findings of fact arising from an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, this Court's clearly erroneous standard of review is ordinarily invoked."

2

On appeal,[1] petitioner asserts that the March 21, 2007 email from petitioner to respondent was never authenticated. Respondent counters that petitioner never states that he did not send the email, only that he cannot remember sending it. Respondent argues that petitioner fails to demonstrate that the circuit court erred in dismissing the action for a lack of personal jurisdiction over respondent. The December 5, 2011 hearing constituted an evidentiary hearing because the circuit court took petitioner's sworn testimony; therefore, the findings the court made in granting respondent's renewed motion are entitled to deference. Furthermore, because the circuit court had the opportunity to observe petitioner's demeanor while he was testifying, it was in the best position to judge the truthfulness of petitioner's testimony in light of the other evidence including the March 21, 2007, email. *See State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) ("An appellate court may not decide the credibility of witnesses[.]"). After careful consideration, this Court concludes that the circuit court's factual findings are not clearly erroneous and that the court did not err in dismissing petitioner's action for a lack of personal jurisdiction over respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1] Petitioner has moved to supplement the appendix and/or for this Court to take judicial notice of certain matters. Respondent asserts that petitioner labors under the misimpression that if petitioner cites a document or files it with this Court, it automatically becomes evidence admitted before the circuit court. Respondent further asserts that petitioner seeks to have his appeal decided on information never properly before the circuit court. Upon a review of the transcripts of the December 5, 2011, and November 20, 2012 hearings, this Court finds that respondent's arguments are well-founded and hereby denies petitioner's numerous motions to supplement.